IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
OCT 25 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> IMPERIAL MECHANICAL, INC., <br><br> Defendant. | Civil Action No. 1:10cv0683 (TSE/JFA) |

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the Court on plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 8). Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund") and they seek a default judgment against the defendant Imperial Mechanical, Inc. ("Imperial"). Pursuant to 28 U.S.C. § 636(b)(1)(C), these proposed findings of fact and recommendations are being filed with the Court and a copy will be provided to all parties.

### Procedural Background

On June 17, 2010, the National Pension Fund filed this action alleging that Imperial breached its Collective Bargaining Agreement with the United Association Local Union 120 and seeking an award for past due contributions, liquidated damages, interest, attorney's fees and costs and for injunctive relief. (Docket no. 1). A summons was issued on June 21, 2010 and the summons and complaint were served on Kim Ozanich, the owner of Imperial, on July 13, 2010 (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), Imperial's responsive pleading was

1

due on August 3, 2010; 21 days after being served with the summons and complaint. Imperial failed to file a responsive pleading in a timely manner. On September 27, 2010, the National Pension Fund filed its request for entry of a default. (Docket no. 6). The Clerk entered a default against Imperial pursuant to Fed. R. Civ. P. 55(a) on September 28, 2010. (Docket no. 7). On October 8, 2010, the National Pension Fund filed a motion for default judgment, setting a hearing for October 22, 2010 at 10:00 a.m. (Docket nos. 8, 10). The motion for default judgment was supported with a memorandum along with an affidavit from William T. Sweeney, Jr. and a declaration by John R. Harney. (Docket no. 9). The motion for default judgment and supporting papers were served on Imperial by mail on October 8, 2010. (Docket nos. 8-10). On October 22, 2010, counsel for the National Pension Fund appeared at the hearing on the motion for default judgment before the undersigned and no one appeared on behalf of Imperial. (Docket no. 11).

## **Factual Background**

The following facts are established by the complaint (Docket no. 1) ("Compl."), the memorandum in support of the motion for default judgment and the affidavit and declaration attached as exhibits to the memorandum (Docket no. 9).

The Trustees of the Plumbers and Pipefitters National Pension Fund are the trustees of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(3) and (37). (Compl. ¶ 1). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the United Association Local Union No. 120 and defendant Imperial. (Compl. ¶ 1). The National Pension Fund is administered in Alexandria, Virginia. (Compl. ¶ 1). Imperial is a corporation existing under the laws of the state of Ohio

and it transacts business in Ohio as a contractor or subcontractor in the plumbing and pipefitting industry. (Compl. ¶ 2). During the relevant time period, Imperial was an "employer in an industry affecting commerce" as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); 29 U.S.C. §§ 142(1), (3) and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 2).

The National Pension Fund brings this action under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Imperial is a signatory to the Collective Bargaining Agreement with United Association Local Union No. 120 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Imperial. (Compl. ¶ 4). Pursuant to the Collective Bargaining Agreement, Imperial agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of Imperial covered by the Collective Bargaining Agreement. (Compl. ¶ 5). The National Pension Fund claims that Imperial employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund for work performed at Imperial's request. (Compl. ¶¶ 6, 7). In the complaint, the National Pension Fund asserts that pursuant to remittance reports submitted by Imperial, Imperial has failed to make the required contributions to the National Pension Fund for the months of June 2009 through April 2010 in the amount of $6,226.07. (Compl. ¶ 8).

The National Pension Fund also alleges that Imperial is bound to the Restated Agreement and Declaration of Trust that provides in Article VI, Section 5 that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be considered delinquent and may be assessed liquidated damages in the amount of 10% of the amount due if payment is not received by the due date. (Compl. ¶ 11). Furthermore, pursuant

3

to the Trust Agreement, interest is assessed at a rate of 12% per annum from the date the payment was due through the date of payment. (Compl. Count I, ¶ A; Sweeney Affid. ¶ 10).

Count I of the National Pension Fund's complaint asserts that pursuant to 29 U.S.C. § 1132(g)(2) it is entitled to a judgment awarding: (1) the full amount of unpaid contributions for June 2009 through April 2010; (2) liquidated damages; (3) interest; and (4) the reasonable attorney's fees and costs incurred in this action. In Count II, the National Pension Fund seeks an order enjoining the violations of the terms of the employee benefit plan and requiring Imperial to submit timely contributions and remittance reports to the National Pension Fund.[1]

In the motion for default judgment, the National Pension Fund stated that it is owed the amounts as detailed below:

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest through 10/22/2010* |
| --- | --- | --- | --- |
| National Pension Fund | $6,226.07 | $622.60 | $618.95 |

| *Attorney's Fees* | *Costs* |
| --- | --- |
| $1,220.00 | $656.29 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

---

[1] The National Pension Fund has not pursued its request for injunctive relief in the motion for default judgment.

4

plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The National Pension Fund alleges that this Court has subject matter jurisdiction under Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. § 185(a). ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. ERISA Section 515 states that employers bound by collective bargaining agreements or multi-employer plans shall make contributions in accordance with the terms of the plans or agreements. LMRA Section 301 provides jurisdiction in the U.S. district courts for suits for violation of contracts between an employer and a labor organization. This case is properly before the Court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e).

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The National Pension Fund states

5

that it is administered in Alexandria, Virginia. (Compl. ¶ 1). On July 13, 2010, the summons and complaint were served on Kim Ozanich, the owner of Imperial. (Docket nos. 4, 6-1 ¶ 2). Kim Ozanich was served at 30685 Solon Industrial Parkway, Solon, Ohio, the address listed for Imperial in the complaint. (Docket nos. 1, 4). Venue is proper in this Court and this Court has personal jurisdiction over Imperial since the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia and the defendant was served properly. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the due process clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this Court has subject matter jurisdiction over this action, that the Court has personal jurisdiction over Imperial and that venue is proper in this Court.

### Grounds for Entry of Default

The complaint was served on the owner of defendant Imperial on July 13, 2010. (Docket no. 4). Pursuant to Fed. R. Civ. P. 12(a), a responsive pleading was due on August 3, 2010. After Imperial failed to file an answer or responsive pleading in a timely manner, the National Pension Fund requested an entry of default on September 27, 2010. (Docket no. 6). The Clerk of the Court entered a default on September 28, 2010. (Docket no. 7).

For the reasons stated above, the undersigned magistrate judge recommends a finding that Imperial was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to Imperial.

## Liability and Measure of Damages

Rule 54(c) provides that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Imperial did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6). As set forth in the complaint, Imperial failed to make its required contributions from June 2009 through April 2010 to the National Pension Fund. (Compl. ¶¶ 7-10). Section 515 of ERISA provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of --
>  (i) interest on the unpaid contributions, or
>  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted an affidavit of William T. Sweeney, Jr. with the memorandum in support of the motion for default judgment. (Docket no. 9; Ex. A) ("Sweeney Affid."). The National Pension Fund also submitted a declaration from John R. Harney detailing the attorney's fees and costs incurred in this action. (Docket no. 9; Ex. B) ("Harney Decl.").

The information contained in the affidavit of William T. Sweeney, Jr. submitted on behalf of the National Pension Fund establishes that pursuant to reports provided by defendant,

Imperial has failed to make contributions for the months of June 2009 through April 2010 in the amount of $6,226.07. (Sweeney Affid. ¶ 6). In addition, the National Pension Fund is owned liquidated damages in the amount of $622.60 (calculated at 10% of the contributions found to be due) and interest in the amount of $618.95 (at the rate of 12% from the date the payments were due through October 22, 2010).[2] (Sweeney Affid. ¶ 10). In addition, the declaration of John Harney details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. The total amount of the fees incurred was $1,220.00 for 9.5 hours of attorney and paralegal time. (Harney Decl. ¶¶ 2-7). As shown in the Harney declaration and its appendix, the fees consist of 1.0 hours of attorney time at an hourly rate of $200.00 and 8.5 hours of paralegal time at an hourly rate of $120.00. *Id.* The amount of costs incurred by the National Pension Fund was $656.29 for the filing fee, process server fee and computerized research. *Id.* The undersigned magistrate judge has reviewed the declaration of John Harney and the supporting documentation and recommends that the Court find that the amount requested for attorney's fees and costs by the National Pension Fund is reasonable and should be paid by the defendant Imperial.[3]

---

[2] The Sweeney affidavit calculates the amount of interest from the date each payment was due through October 22, 2010, as being $618.95. The National Pension Fund is entitled to interest at a rate of 12% until the amounts are paid.

[3] The Harney declaration is not sufficient for the Court to make a determination as to whether the attorney's fees and costs sought in this action are reasonable under the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). However, in reviewing the amount requested, the number of hours spent in preparing the complaint, arranging for service, requesting the entry of default, and preparing the motion for default, and taking into consideration the defendant has not objected to these amounts, the undersigned considers the amount sought for attorney's fees in this action to be reasonable.

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Trustees of the National Pension Fund against Imperial Mechanical, Inc. on Count I in the complaint in the amount of **$9,343.91**, with interest accruing at the rate of 12% from the date of judgment until paid. The total judgment amount includes delinquent contributions of $6,226.07; liquated damages of $622.60; interest from the date the payment was due through October 22, 2010 of $618.95; attorney's fees of $1,220.00 and costs of $656.29.

### Notice

By means of the Court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to the defendant Imperial Mechanical, Inc. at its address for service of process, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 25th day of October 2010.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

9